OLTUNA *v.* ORTIZ ET AL.

APPEAL from the District Court of Guayama.

No. 13.—Decided June 5, 1906.

CONTRACT—FRAUDULENT CONSIDERATION—NULLITY.—The fact that it is set forth in a promissory note that the consideration therefor is the receipt of money, when in reality the same was executed in payment of interest, does not render the obligation null and void by reason of fraudulent consideration, inasmuch as there is another consideration which is real and lawful.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—Matters relating to the findings on the evidence cannot be considered on appeal in the absence of a bill of exceptions or statement of facts.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case, which is an appeal from the District Court of Guayama, the judgment of the court is as follows:

"On the 21st of November 1905, this cause was called for trial in the regular order that the same was set, and the plaintiff, Mrs. Amalia Altuna y Vega, appeared represented by her counsel, Mr. Bernardini, the defendants, Mrs. Belén Ortiz, widow of Fernández, and Mrs. Belén Fernández y Ortiz, not having made their appearance. The court, after hearing the complaint, and after receiving the verbal and documentary evidence introduced by the plaintiff, and after hearing the argument of counsel, reserved its decision. This 25th day of November, 1905, the court decides and is of the opinion that the law and the facts are in favor of the plaintiff, and therefore orders that the said plaintiff recover from the defendants, Belén Ortiz, widow of Fernández, and Mrs. Belén Fernández y Ortiz, jointly and severally, the sum of $1,514.66 together with interest due thereon from the date of the filing of this complaint, until the full payment be made, at the legal rate of 6 per cent per annum, together with the defendants (?), which are assessed at ———, and that execution be had against their property to satisfy this suit."

The appellants first alleged error in the trial court in not

granting them in response to their motion a new trial in accordance with paragraphs 1 and 2 of article 221 of the Code of Civil Procedure. As this matter was made the subject of a separate appeal which was heard jointly with this case, we do not deem it necessary to consider the error alleged, as that has been disposed of by this court.

Appellants then allege that the cause should be reversed, because the complainants did not show a consideration for their contract, and as a final error the appellants allege that the action has prescribed.

The complaint sets up certain notes executed by the defendants, and these notes show a consideration on their face. It is alleged, however, that the consideration set up is not the true one, the notes reciting the receipt of money, whereas the defendants gave the notes in payment of interest.

Article 1243 of the Civil Code is as follows.

"Section 1243.—The statement of a false consideration in contracts shall render them void, unless it be proven that they were based on another real and licit one."

We agree with the court below that the alleged lack of consideration does not come within the prohibition of that section, but is included in the exception thereto, namely, a real and licit consideration. There is nothing contrary to law or good morals in reciting the receipt of money instead of mentioning the existence of interest due.

Moreover this question, as well as that of prescription, is dependent upon the proof taken at the trial. It is true that a part of the proceedings was held when the old Code of Civil Procedure was still in force; nevertheless, the trial was had under the Code of Civil Procedure which went into force on July 1, 1904. The appellant has failed to present either a bill of exceptions or a statement of facts. Under these circumstances, the court is not in a position to reverse the

judgment by reason of the alleged errors, and the judgment of the trial court must be affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.